UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Case No. 24-CR-398 (DLF) |
| | : | |
| **DONALD ROSS WORKMAN, JR.** | : | |
| | : | |
| and | : | |
| | : | |
| **JOHN WALTER CLARK IV,** | : | |
| | : | |
| **Defendants.** | : | |

## JOINT MOTION TO VACATE STATUS HEARING AND EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT

The United States of America hereby moves this Court to vacate the status hearing currently scheduled for December 12, 2024, and to exclude the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, specifically, from December 12, 2024, until January 22, 2025, the date for the motions hearing in this matter, on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv).

Undersigned counsel has spoken to George Pallas, counsel for Mr. Workman, and Mr. Pallas indicated that he joins the motion to vacate and consents to the exclusion of the Speedy Trial Act for the above time period.

Undersigned counsel has spoken to Anthony Sabatini, counsel for Mr. Clark, and Mr. Sabatini indicated that he joins the motion to vacate and consents to the exclusion of the Speedy Trial Act for the above time period.

In support of its motion, the government states as follows:

**FACTUAL BACKGROUND**

Mr. Workman and Mr. Clark are each charged with obstructing law enforcement during a civil disorder, in violation of 18 U.S.C. § 231(a)(3); assaulting, resisting, or impeding certain officers, in violation of 18 U.S.C. § 111(a); knowingly entering or remaining in, or engaging in disorderly or disruptive conduct and engaging in physical violence in any restricted building or grounds in violation of title 18 U.S.C. §§1752(a)(1), (a)(2), and (a)(4); and with disorderly conduct, an act of physical violence, and parading, demonstrating, or picketing in a Capitol building in violation of 40 U.S.C. §§ 5104(e)(2)(D), (F), and (G) related to their conduct at the United States Capitol on January 6, 2021.

Defendants were arrested on August 19, 2024, and indicted on September 4, 2024. They were arraigned on the indictment on September 23, 2024. The case is set for trial on February 24, 2025.

On October 4, 2024, the government provided defense counsel with discovery specific to Mr. Workman and Mr. Clark's case, including the FBI files pertaining to the investigation into the defendant; reports of various agents involving this investigation; and search warrant documents, including receipts of item seized; and Capitol police footage, protected under the Protective Order in place in this case. On October 5, 2024, the government also provided the defense with access to the multiple global discovery productions that have been made related to the January 6 investigation. On December 9, 2024, the government provided the defense with additional discovery specific to this case.

Defendants charged and under investigation for the January 6 attack on the Capitol come from throughout the United States, and search warrants have been executed in almost all fifty states

2

and the District of Columbia. Multiple law enforcement agencies were involved in the response to the Capitol Attack. Documents and evidence accumulated in the Capitol Attack investigation thus far include thousands of hours of surveillance and body-worn camera footage from multiple law enforcement agencies, the results of hundreds or thousands of searches of electronic communication providers and electronic devices, tips from the public, and reports related to law enforcement interviews of suspects and witnesses and other investigative steps. In short, even in cases involving a single defendant, the volume of discoverable materials is significant.

## ARGUMENT

Pursuant to the Speedy Trial Act, an indictment charging an individual with the commission of an offense generally must be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges. 18 U.S.C. § 3161(a). Further, as a general matter, in any case in which a plea of not guilty is entered, a defendant charged in an information or indictment with the commission of an offense must commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs. 18 U.S.C. § 3161(c)(1).

Section 3161(h) of the Speedy Trial Act sets forth certain periods of delay which the Court must exclude from the computation of time within which a trial must commence. As is relevant to this motion for a continuance, pursuant to subsection (h)(7)(A), the Court must exclude:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

3

18 U.S.C. § 3161(h)(7)(A). This provision further requires the Court to set forth its reasons for finding that that any ends-of-justice continuance is warranted. *Id.* Subsection (h)(7)(B) sets forth a non-exhaustive list factors that the Court must consider in determining whether to grant an ends-of-justice continuance, including:

>  (i)   Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
>  (ii)  Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>  . . .
>
>  (iv)  Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i), (ii), and (iv). Importantly, "[i]n setting forth the statutory factors that justify a continuance under subsection (h)(7), Congress twice recognized the importance of adequate pretrial preparation time." *Bloate v. United States*, 559 U.S. 196, 197 (2010) (*citing* §3161(h)(7)(B)(ii), (B)(iv)).

An interests of justice finding is within the discretion of the Court. *See, e.g., United States v. Rojas-Contreras*, 474 U.S. 231, 236 (1985); *United States v. Hernandez*, 862 F.2d 17, 24 n.3 (2d Cir. 1988). "The substantive balancing underlying the decision to grant such a continuance is entrusted to the district court's sound discretion." *United States v. Rice*, 746 F.3d 1074 (D.C. Cir. 2014).

In this case, an ends-of-justice continuance is warranted under 18 U.S.C. § 3161(h)(7)(A) based on the factors described in 18 U.S.C. § 3161(h)(7)(B)(i), (ii), and (iv), in addition to fulfilling government counsel's responsibilities under *Brady v. Maryland,* 373 U.S. 83 (1963) and Fed. R. Crim. P.5(f) and Local Crim. Rule 5.1 to provide exculpatory material. The Capitol Attack is likely the most complex investigation ever prosecuted by the Department of Justice. The need for reasonable time to organize, produce, and review voluminous discovery is among multiple pretrial preparation grounds that Courts of Appeals have routinely held sufficient to grant continuances and exclude the time under the Speedy Trial Act. *See, e.g., United States v. Bikundi*, 926 F.3d 761, 777-78 (D.C. Cir. 2019).

Additionally, now that it is clear that this case is headed to trial, the time period between December 12, 2024, and January 22, 2025, certainly constitutes "reasonable time necessary for effective preparation" for both Fellows and the Government, as set forth in 18 U.S.C. § 3161(h)(7)(B)(iv).

In sum, due to the number of individuals currently charged across the Capitol Attack investigation and the nature of those charges, the on-going investigation of many other individuals, the volume and nature of potentially discoverable materials, and the reasonable time necessary for effective preparation by all parties taking into account the exercise of due diligence, the failure to grant such a continuance in this proceeding would be likely result in a miscarriage of justice. Accordingly, the ends of justice served by granting a request for a continuance outweigh the best interest of the public and the defendant in a speedy trial.

WHEREFORE, the government respectfully requests that this Court vacate the status hearing scheduled for December 12, 2024, exclude the time within which the trial must commence

under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq*., specifically, from December 12, 2024, to January 22, 2025.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:   */s/ Carolina Nevin*
CAROLINA NEVIN
Assistant United States Attorney
New York Bar No. 5226121
601 D Street, NW
Washington, DC 20530
carolina.nevin@usdoj.gov
(202) 803-1612