UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** )</br>)</br>  v.                                                    )</br>)</br>)</br>**DONALD ROSS WORKMAN, JR.,**  )</br>   **Defendant**                                )</br>_____ | Case No. 1:24-cr-00398-DLF |

## DEFENDANT WORKMAN'S MOTION TO DISMISS COUNT 2

The Defendant, **DONALD ROSS WORKMAN, JR.,** through undersigned counsel, moves to dismiss Count 2 of the Indictment (ECF 15), on grounds that this Indictment fails to give notice and identify the victim of WORMAN's alleged "assault." As described below, this violates the 6th Amendment to the United States Constitution, the 5th Amendment due process clause, and the very specific requirements of the statute he is accused of violating.

It is difficult to imagine being charged with, and having to defend against, "assaulting, resisting, opposing, impeding, intimidating and interfering with" any one of many thousands of people, within a ten-mile square area, on or about a given date. This is precisely what the United States is alleging against Mr. WORKMAN in Count 2 of the Superseding Indictment (ECF 15).

The U.S. Capitol Police is comprised of more than 2,300 officers and civilian employees,[1] The Metropolitan Police Department is much larger, with approximately 3,400 officers and 600 civilian staff.[2] In addition, on January 6, 2021, there were countless other law enforcement officers from surrounding county and municipal police forces as well as private security details.

The Government has provided much discovery; but amidst these millions of documents and images is *no information* regarding precisely whom Mr. WORKMAN is accused of assaulting or "opposing." ***In fact, apparently not even the Government knows.*** Either the Government does not know who this alleged "victim" is or does know but obstinately refuses to name him/her. Neither scenario is a good one.

Under settled principles of federal and constitutional law, WORKMAN is entitled to the dismissal of this Count.

## **Legal Standard**

It is well established that an Indictment must allege all the elements of the charged crime. *Almendarez–Torres v. United States*, 523 U.S. 224, 228 (1998); *United States v. Cook*, 17 Wall. 168, 174 (1872). But more specifically, an Indictment must contain elements of the offense charged, fairly inform the defendant

---

[1] https://www.uscp.gov/media-center/uscp-fast-facts (accessed 04/03/2024).
[2] https://en.wikipedia.org/wiki/Metropolitan_Police_Department_of_the_District_of_Columbia (accessed 04/03/2024).

of the charge, and enable the defendant to plead double jeopardy as a defense to future prosecutions for the same offense. See *United States v. Resendiz–Ponce*, 549 U.S. 102, 108 (2007).

In this case, Count 2 does ***not*** enable WORKMAN to plead double jeopardy as a defense to future prosecutions of the same offense. If WORKMAN were to be acquitted of Count 2 in his upcoming trial, the Government could then prosecute him the very next day for "assaulting, resisting, opposing or impeding" ***another*** "officer and employee of the United States, [etc.] . . ." And then ***another***. And ***another***. And in each new Indictment, the Government could claim they ***meant*** another "victim" when the Government drafted Count 2 of the Indictment.

While the Supreme Court has said many times, that the Federal Rules "were designed to eliminate technicalities in criminal pleadings and are to be construed to secure simplicity in procedure," *United States v. Debrow*, 346 U.S. 374, 376 (1953), nevertheless, the government cannot simply abandon the basic requirements of informing a defendant, with specificity, of the charges against him.

A valid Indictment must set out "the elements of the offense intended to be charged and sufficiently apprise the defendant of what he must be prepared to meet." *United States v. Pickett*, 353 F.3d 62,67 (D.C. Cir. 2004). The Government must state the essential elements of the crime and allegations of "overt acts [constituting the offense] with sufficient specificity." *United States v. Childress*, 58 F.3d 693, 720

(D.C. Cir. 1995).

An Indictment is meant to satisfy at least two constitutional provisions. First, it gives Sixth Amendment notice of the nature and circumstances of the alleged crime so the accused may meet the charge and defend himself. *United States v. Hitt*, 249 F.3d 1010, 1016 (D.C. Cir. 2001); *Hamling v. United States*, 418 U.S. 87, 117 (1974). Secondly, a valid Indictment fulfills the Fifth Amendment's edicts that citizens are not placed in jeopardy twice for the same offense. *Stirone v. United States*, 361 U.S. 212, 218 (1960); *United States v. Martinez,* 764 F.Supp.2d 166, 170 (D.D.C.2011) (quotations and citations omitted). That is, the allegations must be sufficiently clear, complete, and thorough to give notice to a particular Defendant and, in addition, to identify if the Defendant were later charged with the same offense that double jeopardy applies to bar a second prosecution of the same offense.

As stated in *Hunter v. District of Columbia*, 47 App. D.C. 406 (D.C. Cir. 1918):

> [i]t is elementary that an information or indictment must set out the ***facts*** constituting the offense, with sufficient clearness to apprise the defendant of the charge he is expected to meet, and to inform the court of their sufficiency to sustain the conviction. ... In other words, when the accused is led to the bar of justice, the information or indictment must contain the elements of the offense with which he is charged, with sufficient clearness to fully advise him of the ***exact*** crime which he is alleged to have committed.

*Id.* at 409, 410 *(emphasis added)* (internal quotation marks and citation omitted). *See*

*also United States v. Porter,* 928 F.3d 947 (10th Cir. 2019) (upholding District Court denying substitution of neighbor's son as the victim in defendant's assault of neighbor).

The instant Indictment does not adequately describe the individual who WORKMAN is accused of assaulting, resisting or opposing. For example, Workman is accused, in Count 2, of assaulting "***an officer and employee of the United States***, (including ***any member*** of the uniformed services,) that is, ***officers from the United States Capitol Police and Metropolitan Police Department, and other law enforcement agencies,…***" The government's factual allegations indicate Workman was among many thousands of people on January 6, 2021. "On or around January 6" indicates a 72-hour period. "Within the District of Columbia" designates thousands of acres, with thousands of buildings, facilities, and public grounds.

Count 2 does not properly accuse Mr. WORKMAN of a crime.

## CONCLUSION

In Count 2, the Defendant DONALD ROSS WORKMAN, JR. stands accused of forcibly assaulting and opposing any number of thousands of officers inside the ten-mile-square District of Columbia on or about January 6, 2021. Under Rule 12(b)(3)(B)(iii) and (v) of the Federal Rules of Criminal Procedure as well as every other test of sufficiency of a criminal Indictment, Count 2 must be dismissed for lack of specificity and failure to state an offense.

Respectfully submitted,

GEORGE T. PALLAS, P.A
Counsel for Donald Ross Workman, Jr.
Bar No.: FL0108
2420 SW 22nd Street
Miami, FL 33145
305-856-8580
305-860-4828 FAX
george@pallaslaw.com

By:/s/____George T. Pallas_____
GEORGE T. PALLAS, ESQ.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been electronically filed with the Clerk of Court using CM/ECF system which will send notification of such filing.

By:/s/_George T. Pallas_____
GEORGE T. PALLAS ESQ