UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 24-CR-398-1 (DLF) |
| | : | |
| DONALD ROSS WORKMAN, JR., | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS COUNT TWO**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully submits this opposition to the Defendant's Motion to Dismiss Count Two of the Indictment, charging Defendant with a violation of 18 U.S.C. § 111(a)(1). ECF No. 26.

There is no basis to dismiss Count Two. The Indictment is not defective. The Indictment sets forth "a plain, concise, and definite written statement of the essential facts constituting the offense charged," and it specifies all of the elements of the offense, complying with the Constitution and with Federal Rule of Criminal Procedure 7.

Moreover, the defendant's conduct described in the Indictment is depicted in open-source video and described in an FD-302 summarizing an interview with the victim officer,[1] which has been made available to Defendant in discovery, contrary to Defendant's assertion. Defendant has everything he needs to adequately prepare his defense.

---

[1] 0176-WF-3486217_0000358_Redacted.pdf

1

## LEGAL PRINCIPLES

Federal Rule of Criminal Procedure 7(c)(1) requires only that an indictment "be a plain, concise, and definite written statement of the essential facts constituting the offense charged," and that it "give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated." As a mere notice pleading, an indictment is sufficient if it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend." *United States v. Resendiz-Ponce*, 549 U.S. 102, 108 (2007). To fairly inform the defendant of the charges against him, the indictment must contain allegations of "the very core of criminality" under the statute(s) with which he is charged. *See, e.g., United States v. Williamson*, 903 F.3d 124, 131 (D.C. Cir. 2018), citing *Russell v. United States*, 369 U.S. 749, 764 (1962).

As the D.C. Circuit explained in *United States v. Haldeman*, 559 F.2d 31 (D.C. Cir. 1976), "[a]lthough an indictment must – in order to fulfill constitutional requirements – apprise the defendants of the essential elements of the offense with which they are charged, neither the Constitution, the Federal Rules of Criminal Procedure, nor any other authority suggests that an indictment must put the defendants on notice as to every means by which the prosecution hopes to prove that the crime was committed." *Id.* at 124. Indeed, "the validity of an indictment 'is not a question of whether it could have been more definite and certain.'" *United States v. Verrusio*, 762 F.3d 1, 13 (D.C. Cir. 2014) (quoting *United States v. Debrow*, 346 U.S. 374, 378 (1953)). "While detailed allegations might well have been required under common-law pleading rules, . . . they surely are not contemplated by Rule 7(c)(1)[.]'" *United States v. Resendiz-Ponce*, 549 U.S. 102, 110 (2007). As a mere notice pleading, an indictment is sufficient if it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend."

*Id.* at 108; *Haldeman*, 559 F.2d at 123 ("The validity of alleging the elements of an offense in the language of the statute is, of course, well established.").

## ARGUMENT

Here, Count Two alleges that the Defendant did "forcibly assault, resist, oppose, impede, intimidate, and interfere with, an officer and employee of the United States, and of any branch of the United States Government[], and any person assisting such an officer and employee, while such officer or employee was engaged in and on account of the performance of official duties…" The Indictment specifies the place ("within the District of Columbia"). The Indictment provides the Defendant with notice of the charges against him and the ability to later plead a double-jeopardy defense if necessary. Because the Indictment as filed is sufficient to apprise Defendant of the charges against him and to protect against a successive prosecution, the Court should decline to dismiss it.

I.   The Name of an Officer-Victim Is Not Required.

Defendant seeks an additional evidentiary detail: the name of the victim. However, an indictment need not provide the name of the victim because, among other things, the name of the victim is not an element of the offense. *See United States v. Miller*, 883 F.3d 998, 1003 (7th Cir. 2018) ("The lack of specific identification of the victims does not make the indictment insufficient."). For example, in *United States v. Melendez-Colon*, 417 Fed. App'x 320, 321-322 (4th Cir. 2011) (per curiam) (unpublished), the Fourth Circuit held that an indictment charging two counts of assault was not defective for "fail[ing] to name the victim in either count," and "that the indictment's failure to name the victims will not preclude [the defendant] from raising double jeopardy as a defense to any future prosecutions for the assaults." In *United States v. Figueroa*, No. 14-00672 (SRC), 2021 WL 1661202, at *9 (D.N.J. 2021), another prosecution under Section

3

111(a)(1), the court rejected a similar Rule 12 argument. The court there found that the indictment was sufficiently specific insofar as it had identified the assault victim as "an employee of the United States, namely Victim 2, an employee of the United States National Park Service." *Id.* It is the status of the victim, and not the victim's name, that is the element of the offense. As Judge Hogan explained while denying a similar motion to dismiss in a recent January 6 case, "the government need not prove the individual identity of the law enforcement officer, but rather that the person [the defendant] obstructed, impeded, or interfered with is a law enforcement officer – exactly what the Superseding Indictment alleges." *United States v. Sargeant*, No. 21-CR-258 (TFH), 2022 WL 1124817, at *4 (D.D.C. Apr. 14, 2022).

The Indictment here identifies the victim as "an officer and employee of the United States, and of any branch of the United States Government[], and any person assisting such an officer and employee." ECF No. 15 at 2. Such identification sufficiently meets the threshold required for an indictment and puts Defendant on fair notice as to the nature of the charges. The assault statute requires that the victim be a federal law enforcement officer engaged in the performance of his official duties (both of which are pled in the Indictment in this case), but nowhere mentions the officer's specific identity. Indeed, the elements of a violation of 18 U.S.C. § 111(a) and (b), as provided in *United States v. Arrington*, 309 F.3d 40, 44 (D.C. Cir. 2002), specify that the government must prove that the defendant took certain actions against a federal law enforcement officer, while that officer was performing his official duties, and that the defendant used a dangerous weapon, among others. The identity of the victim is not an essential element, and the government need not prove the victim's identity at trial, beyond establishing that the victim was a federal officer (or a person assisting such an individual). *See id.* Only in the rare case where "guilt depends so crucially upon . . . a specific identification of fact" not included in the statutory

4

language will an indictment that restates the statute's language be insufficient. *Haldeman*, 559 F.2d at 125 (quoting *Russell v. United States*, 369 U.S. 749, 764 (1962)). This is not such a case, where Defendant can be convicted without a specific victim being identified.

To be clear, the government is not withholding the victim's name. The government provided Defendant with an FD-302 summarizing an interview with the victim officer as part of a discovery production on October 4, 2024. Regardless, as long as the victim of Defendant's assault is a federal officer or person assisting such an officer, that is sufficient.[2]

II.   The Indictment Allows the Defendant to Plead Double Jeopardy or Prepare for Trial.

Count Two need not be more specific, for either Rule 12 or Rule 7 purposes, or to provide the Defendant with the ability to mount a double-jeopardy defense. "[A]n indictment need do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime." *United States v. Stringer*, 730 F.3d 120, 124 (2d Cir. 2013) (internal quotation omitted).

Defendant argues that "within the District of Columbia" covers anywhere within the ten square miles of the District (ECF No. 26 at 6). But that language is sufficiently definitive to allow the Defendant to invoke double jeopardy if he were prosecuted again for the same conduct. It bears little similarity to indictments that have been found insufficient. *See United States v. Hillie*, 227 F. Supp. 3d 57, 72 (D.D.C. 2017) (where indictment stated the date of the offenses as "periods of time that span two to three years," the location of the offenses as "the District of Columbia," and was "devoid of any facts regarding the circumstances of [defendant's] behavior" that led to the

---

[2] A contrary rule would result in impunity for defendants who committed violent assaults—on January 6 or otherwise—that clearly targeted federal officers, but where the government could not identify a specific victim. Under the defendant's view of the law, an individual could fire a bullet into a crowd of officers and go unpunished.

charges). "Here, all counts of the [] Indictment are factually distinct and contain a specific date, ensuring that [the Defendant] does not face the possibility of being charged again for the same crime in the future." *Sargent*, No. 21-CR-00258 (TFH), 2022 WL 1124817, at *6 (holding that an indictment that states "the date of the offense, January 6, 2021, and the location, the District of Columbia . . . is enough to 'provide sufficient detail to protect against double jeopardy.'") (quoting *Haldeman*, 562 F.2d at 124, n.262).

Moreover, Defendant will be able to point to the entire record in this case, and not just the Indictment, in the event he must mount a double jeopardy challenge. *See Russell v. United States*, 369 U.S. 749, 770 (1962). The other charges in the Indictment specify that the conduct occurred within the restricted area at the U.S. Capitol. *See* Indictment, ECF No. 15, Counts Three-Five. Defendant's conduct during the time period specified in the Indictment is depicted in, among other things, U.S. Capitol Police footage and open-source footage from January 6, which have been made available to defendant in discovery. In summary, as the record makes clear, the assault in question does not take place in some distant corner of the District of Columbia, but at the United States Capitol, on January 6–a singular event that occurred on a single day.

## CONCLUSION

For the reasons stated herein, the Defendant's motion to dismiss Count Two should be denied.

                                              Respectfully submitted,

                                              MATTHEW M. GRAVES
                                              UNITED STATES ATTORNEY
                                              DC BAR NO. 481052

By:    */s/ Melanie Krebs-Pilotti*
        MELANIE KREBS-PILOTTI
        Antitrust Division- detailed to USAO-DC
        601 D St. N.W.
        Washington, DC 20530
        Cal Bar. No. 241484
        melanie.krebs-pilotti2@usdoj.gov
        (202) 870-7457

        */s/ Nathaniel K. Whitesel*
        NATHANIEL K. WHITESEL
        Assistant United States Attorney
        DC Bar No. 1601102
        601 D Street NW
        Washington, DC 20530
        nathaniel.whitesel@usdoj.gov
        (202) 252-7759