UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 24-CR-398-1 (DLF) |
| | : | |
| DONALD ROSS WORKMAN, JR., | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COUNTS
THREE, FOUR, AND FIVE OF THE INDICTMENT**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits its Response in Opposition to Defendant Donald Workman's Motion to Dismiss Counts Three, Four, and Five of the Indictment. ECF No. 27. Workman's motion to dismiss should be denied because (1) Section 1752 does not require the government to prove that the restricted area was restricted at the Secret Service's direction; (2) Section 1752 is not unconstitutionally vague; and (3) the rule of lenity and the novel construction principle do not apply. *See United States v. Darrell Neely*, No. 23-3166 (D.C. Cir. Dec. 27, 2024); *United States v. Nordean*, No. 21-cr-175 (TJK), 579 F. Supp. 3d 28 (D.D.C. 2021).

Workman claims he is submitting his motion "in light of" recent decisions by judges in this district and by the Supreme Court. However, the D.C. Circuit's *Neely* decision from December 27, 2024, rejects Workman's arguments. Nevertheless, the decisions that Workman cites have nothing to do with the argument Workman advances. First, the D.C. Court of Appeals' decision in *United States v. Griffin* (Case. No. 22-3042) addressed the defendant's mens rea; it did not address Workman's unrelated argument about what entity must "restrict" the area for it to be considered "restricted" under the statute. Finally, the Supreme Court's recent dicta warning against prosecutorial overreach in opinions interpreting *other* statutes has no bearing on the application of

Section 1752. This argument is unfounded not only in law, but also in fact. The idea that the government has overreached by charging individuals with misdemeanor offenses who broke into the United States Capitol and violently disrupted the peaceful transfer of power borders on the fantastical. No judge in this district has adopted Workman's position, and for good reason: it is wrong.

## LEGAL STANDARD

An indictment is sufficient under the Constitution and Rule 7 of the Federal Rules of Criminal Procedure if it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend," *Hamling v. United States*, 418 U.S. 87, 117 (1974), which may be accomplished, as it is here, by "echo[ing] the operative statutory text while also specifying the time and place of the offense." *United States v. Williamson*, 903 F.3d 124, 130 (D.C. Cir. 2018). "[T]he validity of an indictment 'is not a question of whether it could have been more definite and certain.'" *United States v. Verrusio*, 762 F.3d 1, 13 (D.C. Cir. 2014) (quoting *United States v. Debrow*, 346 U.S. 374, 378 (1953)). An indictment need not inform a defendant "as to every means by which the prosecution hopes to prove that the crime was committed." *United States v. Haldeman*, 559 F.2d 31, 124 (D.C. Cir. 1976).

Rule 12 permits a party to raise in a pretrial motion "any defense, objection, or request that the court can determine *without a trial on the merits*." Fed. R. Crim. P. 12(b)(1) (emphasis added). It follows that Rule 12 "does not explicitly authorize the pretrial dismissal of an indictment on sufficiency-of-the-evidence grounds" unless the Government "has made a *full* proffer of evidence" or the parties have agreed to a "stipulated record," *United States v. Yakou*, 428 F.3d 241, 246-47 (D.C. Cir. 2005) (emphasis added)—neither of which has occurred here.

Indeed, "[i]f contested facts surrounding the commission of the offense would be of *any*

2

assistance in determining the validity of the motion, Rule 12 doesn't authorize its disposition before trial." *United States v. Pope*, 613 F.3d 1255, 1259 (10th Cir. 2010) (Gorsuch, J.). Criminal cases have no mechanism equivalent to the civil rule for summary judgment. *See e.g.*, *United States v. Bailey*, 444 U.S. 394, 413, n.9 (1980) ("[M]otions for summary judgment are creatures of civil, not criminal trials"); *Yakou*, 428 F.3d at 246-47 ("There is no federal criminal procedural mechanism that resembles a motion for summary judgment in the civil context"); *United States v. Oseguera Gonzalez*, No. 20-CR-40 (BAH), 2020 WL 6342948 at *5 (D.D.C. Oct. 29, 2020) (collecting cases explaining that there is no summary judgment procedure in criminal cases or one that permits pretrial determination of the sufficiency of the evidence). Accordingly, dismissal of a charge does not depend on forecasts of what the Government can prove. Instead, a criminal defendant may move for dismissal based on a defect in the indictment, such as a failure to state an offense. *See United States v. Knowles*, 197 F. Supp. 3d 143, 148 (D.D.C. 2016). Whether an indictment fails to state an offense because an essential element is absent calls for a legal determination.

Thus, when ruling on a motion to dismiss for failure to state an offense, a district court is limited to reviewing the face of the indictment and more specifically, the language used to charge the crimes. *See e.g.*, *United States v. Bingert*, 605 F. Supp. 3d 111, 118 (D.D.C. 2022) (a motion to dismiss challenges the adequacy of an indictment on its face and the relevant inquiry is whether its allegations permit a jury to find that the crimes charged were committed); *United States v. McHugh*, No. 21-CR-453 (JDB), 2022 WL 1302880 at *2 (D.D.C. May 2, 2022) (a motion to dismiss involves the Court's determination of the legal sufficiency of the indictment, not the sufficiency of the evidence); *United States v. Puma*, No. 21-CR-454 (PLF), 2022 WL 823079 at *4 (D.D.C. Mar. 19, 2022) ("In ruling on a motion to dismiss for failure to state an offense, a

district court is limited to reviewing the face of the indictment and, more specifically, the language used to charge the crimes") (quoting *United States v. Sunia*, 643 F.Supp. 2d 51, 60 (D.D.C. 2009)).

## ARGUMENT

### I. As Courts Have Uniformly Held, Section 1752 Does Not Require the Government to Prove that the Restricted Area Was Restricted at the Secret Service's Direction.

Workman argues that Counts Three, Four, and Five should be dismissed for failure to state an offense because the U.S. Capitol Police, and not the Secret Service, designated the "restricted area" around the U.S. Capitol on January 6, 2021. ECF No. 27.

In its recent decision in *United States v. Neely*, the D.C. Circuit noted that the subsection defining "restricted building or grounds" did not specify that the "restricting" had to be carried out by the Secret Service. *United States v. Darrell Neely*, No. 23-3166 at 5. Although the Secret Service at one time had regulatory authority to define areas restricted under § 1752(a), Congress amended the statute in 2005 to eliminate any references to that regulatory authority. *Id.* at 6-7.

As Workman advances the same argument that Neely did, this Court must reject it pursuant to the holding in *Neely*.

### II. Section 1752 Is Not Unconstitutionally Vague.

Workman also raises various vagueness challenges to Section 1752. First, Workman argues that the straightforward interpretation described above is unconstitutionally vague because the statute fails to provide notice that crossing a barrier erected by an entity other than the Secret Service is criminal. ECF No. 27 at 10. Second, Workman attacks the charges brought under Section 1752(a)(2) as unconstitutionally vague "[i]nsofar as they allege that the defendant entered and remained in a 'restricted area' set by an agency nowhere identified in the statute." *Id.*

The D.C. Circuit's recent decision in *Neely* is dispositive as to this issue. The Circuit rejected Neely's argument that § 1752(a) was unconstitutionally vague as applied to him, despite the fact that there apparently had been no previous cases in which persons were prosecuted for entering areas that the Capitol Police or entities other than the Secret Service had restricted; in this case, the Capitol Building and grounds were clearly restricted and Neely was therefore on notice that he could not enter. *United States v. Darrell Neely*, No. 23-3166 at 9.

Here, Workman ran up a walkway on Capitol grounds past multiple "Area Closed" signs and pushed a uniformed police officer to trespass further onto the grounds. Workman, like Neely, was on notice that the grounds were restricted and that he could not enter. The Court should therefore reject Workman's argument as to vagueness.

### III. The Rules of Lenity and the Novel Construction Principle Do Not Apply.

The D.C. Circuit concluded that the language of Section 1752(a) is unambiguous; therefore, the Court need not resort to the rules of lenity and the novel construction principle. *United States v. Darrell Neely*, No. 23-3166 at 11. As Judge McFadden explained last year when rejecting nearly identical arguments that the rules of lenity and constitutional avoidance should apply as a result of Section 1752's purported ambiguity,

> [Defendant] invokes the doctrine of lenity and the "novel construction principle." Neither applies. Lenity is "a sort of junior version of the vagueness doctrine." It comes into frame only when a court has exhausted all canons of statutory construction and is left with only a coin flip to resolve "grievous ambiguity."
>
> As the Court has explained, Section 1752 is capacious, not ambiguous. [Defendant's] "ability to articulat[e] a narrower construction" of the statute does not trigger lenity. Nor has there been an "unforeseen judicial enlargement" of a longstanding criminal statute so that it operates like an ex post facto law. [Defendant] has allegedly violated a rarely charged statute, but that does not mean the *construction* of the statute unfairly blindsided him. There was no prevailing practice of courts foregoing or rejecting the interpretation that the Government now advances.

*Griffin*, 549 F. Supp. 3d at 57-58 (citations omitted).

Judges of this district have rejected attempts to cast Section 1752 as "ambiguous." "§ 1752 'is clear[,] gives fair notice of the conduct it punishes, and [does not] invite arbitrary enforcement.'" *United States v. Bozell*, No. 21-CR-216 (JDB), 2022 WL 474144, at *9 (D.D.C. Feb. 16, 2022) (citing *United States v. Nordean*, No. 21-cr-175 (TJK), 2021 WL 6134595, at *19 (D.D.C. Dec. 28, 2021)); *Griffin*, 549 F. Supp. 3d at 57 ("this law is no trap awaiting the unwary.")).

For the same reasons, Section 1752 is not an *ex post facto* law, as the defendant argues. As Judge Kollar-Kotelly found, rejecting an identical challenge in *Grider*:

> Grider has identified no precedent adopting his reading. Indeed, it is *Defendant's* reading of these statutes that appears to be novel." As the Court has concluded above, neither section 231 nor section 1752 are, for present purposes, susceptible of more than one meaning. The fact that Grider 'has allegedly violated a rarely charged statute,' or that the Government has applied the challenged provisions to conduct at the United States Capitol, 'does not mean that the construction of the[se] statute[s] unfairly blindsided him.

*Grider*, 617 F. Supp. 3d at 54 (citing and quoting *Griffin*, 549 F. Supp. 3d at 58).

In short, Workman's *ex post facto,* novel construction, and lenity arguments all fail because they rest on the premise that Section 1752 suggests that the Secret Service must restrict the area; a premise that is not only incorrect but is without support in the statutory text. His citations to dicta from three recent Supreme Court cases interpreting federal fraud and identity theft statutes, ECF No. 27 at 14, do nothing to change this conclusion. *See Dubin v. United States*, 599 U.S. 110 (2023) (interpreting identity theft statute, 18 U.S.C. § 1028A(a)(1)); *Ciminelli v. United States*, 598 U.S. 306, 316 (2023) (wire fraud statute, 18 U.S.C. § 1343); *Kelly v. United States*, 590 U.S. 391, 398-99 (2020) (multiple fraud statutes). Nor do their statements warning against prosecutorial overreach carry any persuasive weight when applied to the government's use of Section 1752 in

cases against January 6 defendants, many of whom, like Workman, also engaged in felonious conduct while they were on Capitol grounds without lawful authority, as part of a violent mob.

Finally, Workman's suggestion that the government is also "federaliz[ing] traditionally state matters," ECF No. 27 at 14, runs counter to the legislative history of Section 1752 itself, which recognized the need for federal legislation in this area. That statute was passed to achieve just that goal: uniform federal enforcement of what had previously been enforceable through a patchwork of state trespass laws. Congress "designed [Section 1752] to provide a uniform minimum of Federal jurisdiction" for the Secret Service's security measures, which had become difficult to standardize when various jurisdictions "utilize[d] different criminal statutes, with different elements of crime, which ma[de] Secret Service agents unsure of the legal extent of their authority and ma[de] uniform enforcement impossible." S. Rep. 91-1252 (1970); *see also, e.g.*, S. Rep. 91-1252, at 9 ("No longer . . . will Presidential security depend on differing local ordinances, some of which may be of dubious constitutionality. Instead, [the bill] will provide for consistent, uniform enforcement of a narrow, precisely drawn statute that proscribes specific conduct for the protection of the President").

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that Workman's motion to dismiss Counts Three, Four, and Five be denied.

                Respectfully submitted,

                MATTHEW M. GRAVES
                UNITED STATES ATTORNEY
                D.C. Bar No. 481052

By:    */s/ Melanie Krebs-Pilotti*
                MELANIE KREBS-PILOTTI
                Antitrust Div. Trial Attorney- detail to USAO-DC
                601 D St., N.W.
                Washington, D.C. 20530
                Cal Bar No. 241484
                (202) 870-7457
                Melanie.krebs-pilotti2@usdoj.gov

                */s/ Nathaniel K. Whitesel*
                NATHANIEL K. WHITESEL
                Assistant United States Attorney
                DC Bar No. 1601102
                601 D Street NW
                Washington, DC 20530
                nathaniel.whitesel@usdoj.gov
                (202) 252-7759